# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### September 14, 2010 Session

## RODNEY JEFFRIES v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-197037     James C. Beasley, Jr., Judge**

---

**No. W2009-02188-CCA-R3-HC  - Filed November 17, 2010**

---

The petitioner, Rodney Jeffries, appeals the habeas corpus court's order summarily dismissing his "Petition for Writ of Habeas Corpus or in the Alternative, Petition to Re-open Petition for Post-Conviction Relief." Following our review of the record and applicable law, we affirm the habeas court's denial of relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which ALAN E. GLENN and D. KELLY THOMAS, JR., JJ., joined.

Robert L. Parris, Memphis, Tennessee, for the appellant, Rodney Jeffries.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; William L. Gibbons, District Attorney General, for the appellee, State of Tennessee.

## OPINION

A grand jury indicted the petitioner on one count of criminal attempt aggravated robbery, a Class C felony; one count of aggravated robbery, a Class B felony; two counts of aggravated assault, Class C felonies; two counts of aggravated burglary, Class C felonies; one count of especially aggravated kidnapping, a Class A felony; and one count of murder in the first degree in the perpetration of a felony. On February 3, 1997, the petitioner entered an open plea of guilty to all charges. The trial court held a sentencing hearing on May 1, 1997. The court sentenced the petitioner as a Range I, standard offender, as follows: (1) three years in the local workhouse for the criminal attempt aggravated robbery conviction; (2) eight years in the Tennessee Department of Correction for the aggravated robbery conviction; (3) three years in the local workhouse for the aggravated assault convictions; (4)

three years in the local workhouse for the aggravated burglary convictions; (5) fifteen years in the department of correction for the aggravated kidnapping conviction; and (6) life imprisonment for the first degree murder conviction. The judge ordered that the petitioner serve his sentences concurrently for an effective life sentence.

On June 1, 2009, the petitioner filed a "Petition for Writ of Habeas Corpus, or, in the Alternative; Petition to Re-Open Post-Conviction." In the petition he alleges that the Tennessee Department of Correction is illegally restraining him of his liberty. He claims that his confinement is illegal because the judgment for his plea of guilty to the first degree murder charge "clearly" shows that his life sentence, which the trial court indicated that the petitioner serve at 30%, is a void sentence under Tennessee law. The court heard oral arguments on September 17, 2009, regarding whether it should grant the petitioner a hearing on the merits of his petition. In its order denying a hearing on the merits, the court found that the grounds alleged by the petitioner were without merit and did not entitle him to habeas corpus relief. The petitioner now brings this appeal arguing that his sentence is void on its face because it was in "direct contravention of the governing law at that time." The petitioner alleges that his sentence is void because at the time of his sentencing the statute governing his case mandated that the court could not sentence defendants convicted of first degree murder to serve less than 85% of their sentence. *See* Tenn. Code Ann. § 40-35-501(i).

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. *McLaney v. Bell,* 59 S.W.3d 90, 92 (Tenn. 2001)*, verruled on other grounds by Summers v. State*, 212 S.W.3d 251 (Tenn. 2007). As such, we will review the trial court's findings *de novo* without a presumption of correctness. *Id.* Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State,* 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated sections 29-21-101 through 29-21-130 codify the applicable procedures for seeking a writ. However, the grounds upon which a court may issue a writ of habeas corpus are very narrow. *Taylor v. State,* 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record of the proceedings upon which the judgment was rendered that a court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *See Summers v. State,* 212 S.W.3d 251, 255 (Tenn. 2007); *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992). The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. *Archer,* 851 S.W.2d at 163. A void judgment is a facially invalid judgment, clearly showing that a court did not have statutory authority to render such judgment; whereas, a voidable judgment is facially valid, requiring proof beyond the face of

the record or judgment to establish its invalidity. *See Taylor,* 995 S.W.2d at 83. The burden is on the petitioner to establish by a preponderance of the evidence "that the sentence is void or that the confinement is illegal." *Wyatt,* 24 S.W.3d at 322. Moreover, a court may summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petitioner does not state a cognizable claim. *See Summers,* 212 S.W.3d at 260; *Hickman v. State,* 153 S.W.3d 16, 20 (Tenn. 2004).

For an illegal sentence claim to support a claim for habeas corpus relief, the illegality of the sentence must be egregious to the point of voidness, and mere clerical errors in the terms of a sentence may not give rise to a void judgment. *Cox v. State,* 53 S.W.3d 287, 292 (Tenn. Crim. App. 2001), *overruled on other grounds by Michael R. Moody v. State*, 160 S.W.3d 512, 516 (Tenn. 2005); *see e.g.*, *Ronald W. Rice v. David Mills*, No. E2003-00328-CCA-R3-PC, 2003 WL 21972930 at *3-4 (Tenn. Crim. App. at Knoxville, Aug. 19, 2003) (concluding that the petitioner was not entitled to habeas corpus relief and the resulting sentence was not void when the trial court erroneously designated on the judgment form that it sentenced the petitioner under the 1982 sentencing law when the 1989 law was applicable to the petitioner's case, and the court actually applied that 1989 law). Our supreme court in *McLaney* said that an "illegal" sentence equates to a "jurisdictional defect." *McLaney,* 59 S.W.3d at 92. However, in *McConnell v. State,* 12 S.W.3d 795, 798 (Tenn. 2000), the supreme court said that issues of "offender classification and release eligibility [are] non-jurisdictional."

The petitioner relies on *McLaney* for the proposition that a sentence issued in contravention of a statute "is subject to being set aside at any time, even if it has become final." *McLaney,* 59 S.W.3d at 94 (quoting *State v. Mahler,* 735 S.W.2d 226, 227-28 (Tenn. 1987)). The petitioner contends that his judgments are facially void because they reflect that the trial court sentenced him at 30% release eligibility, in violation of Tennessee Code Annotated section 40-35-501(i), which requires him to serve 100% of his sentence without any credit or early release. The statute states, in pertinent part:

> (i)(1) There shall be no release eligibility for a person committing an offense, on or after July 1, 1995, that is enumerated in subdivision (i)(2). The person shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained. However, no sentence reduction credits authorized by § 41-21-236, or any other provision of law, shall operate to reduce the sentence imposed by the court by more than fifteen percent (15%).

> (2) The offenses to which subdivision (i)(1) applies are:
>       (A) Murder in the first degree . . . .

Tenn. Code Ann. § 40-35-501(i)(1), (2).

The petitioner is not entitled to habeas corpus relief. It is true that the petitioner's first degree murder sentence contravenes the statute; however, the petitioner is not entitled to relief on that basis. The petitioner's case is distinguishable from *McLaney* in that the defendant in *McLaney* entered his guilty plea in exchange for a concurrent sentence which was, in actuality, illegal. The *McLaney* court implied that, if a court were to set aside the judgment on remand, it would be because the petitioner's guilty plea was based on a sentence that the defendant could not legally fulfill. *McLaney*, 59 S.W.3d at 95. Here, the petitioner entered an open guilty plea, and his sentences were not part of the negotiation or settlement. What has occurred here is a mere clerical error which the court should remedy by entry of corrected judgments pursuant to Tennessee Rule of Criminal Procedure 36. The failure of the trial court to properly mark the judgment did not deprive the petitioner of any expectation as to release eligibility because none ever existed. There was no agreed upon sentence. The trial court told the petitioner that he may never get paroled and stated, "I don't want you to think that you will get parole after 25 years because under the current law you can't even get parole with life with parole." The petitioner said that he understood what the trial judge had explained to him regarding sentencing. Moreover, the trial court's error did not change the fact that the law required the petitioner to serve 100% of his sentence due to his classification as an offender convicted of murder in the first degree. The calculation of the petitioner's sentence was an operation of law, and thus, the judgment's notation that the petitioner must serve 30% of his sentence does not create a sentence which is egregiously illegal to the point of voidness. The petitioner's case is sharply distinguished from a case in which the petitioner is extended a plea agreement containing an illegal sentencing provision and accepted the negotiated sentence to his detriment. Therefore, the appropriate remedy is not to void the judgment but rather to amend the judgment to comply with the statute.

The petitioner's motion also requested that we re-open his petition for post-conviction relief. We conclude that, based on Tennessee Code Annotated Section 40-30-117(a), the petitioner has shown no circumstances to justify re-opening the petition for post-conviction relief.

**Conclusion**

Based on the foregoing, we affirm the denial of habeas corpus relief.

_____

J.C. McLIN, JUDGE

-4-